IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN KIZER, ) | |
| BRYAN MAIDLOW, ) | |
| RONALD WAYNE GREER, JR. ) | No. 3:17-0715 |
| ) | |
| v. ) | |
| ) | |
| ROBERTSON COUNTY, TENNESSEE, et al. ) | |

TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# REPORT AND RECOMMENDATION

By Order entered September 11, 2017 (Docket Entry No. 31), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion for summary judgment (Docket Entry No. 35) filed by Defendants Bill Holt, Tony Crawford, and Robertson County, Tennessee. Plaintiff Bryan Kizer has filed a response in opposition to the motion. *See* Docket Entry No. 41. For the reasons set forth below, the undersigned Magistrate Judge respectfully recommends that the motion be granted and that this action be dismissed.

## I. BACKGROUND

This lawsuit was filed on April 13, 2017, by Brian Kizer ("Kizer"), Bryan Maidlow ("Maidlow"), and Ronald Wayne Greer ("Greer") (hereinafter referred to collectively as "Plaintiffs"), seeking injunctive and monetary relief under 42 U.S.C. § 1983. Plaintiffs are inmates of the

Tennessee Department of Correction ("TDOC") who were being held at the Robertson County Detention Center ("RCDC") pursuant to a contract with the TDOC at the time the lawsuit was filed. In a *pro se* and *in forma pauperis* complaint, Plaintiffs complained about a variety of conditions of confinement at the RCDC, which they assert are more harsh and oppressive than the conditions of confinement for TDOC inmates who are confined at state penal institutions.

Upon initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court noted that Plaintiffs Kizer and Maidlow were no longer confined at the RCDC and found that their claims for injunctive relief were moot.[1] *See* Memorandum (Docket Entry No. 30) at 11. The Court further dismissed all of Plaintiffs' claims except for two claims against Robertson County, Tennessee ("Robertson County"), Robertson County Sheriff Bill Holt ("Holt"), and RCDC Administrator Tony Crawford ("Crawford") (hereinafter referred to collectively as "Defendants"). *Id*. at 3-7. The two surviving claims are: (1) an Eighth Amendment claim based on allegations that inmates at the RCDC are kept "locked inside with no chance for direct sunshine [Vitamin D], fresh-air nor any exercise equipment for years"[2] and that this lack of outdoor recreation time causes inmates to experience mental health issues, such as violent outbursts and suicide attempts; and, (2) a First Amendment claim based on allegations that inmates at the RCDC are not permitted to attend any out of cell group religious services. *Id*. at 7-11. Defendants Holt and Crawford are named in both their individual and official capacities.

---

[1] Although Plaintiff Greer remains confined at the RCDC, Plaintiffs Kizer and Maidlow were transferred to TDOC facilities subsequent to filing the lawsuit.

[2] *See* Complaint (Docket Entry No. 1) at 6.

## II. MOTION FOR SUMMARY JUDGMENT

In lieu of answers, Defendants filed the pending motion for summary judgment. Relying upon the Declaration of Defendant Crawford (Docket Entry No. 36-1), Defendants argue that the undisputed facts show that no violations of Plaintiffs' First or Eighth Amendment rights occurred at the RCDC and that, at a minimum, Defendants Holt and Crawford are entitled to qualified immunity from any claim for damages. Defendants further contend that there is no evidence supporting a claim of municipal liability against Defendant Robertson County.

With respect to the First Amendment claim, Defendants assert that a Religious Practices Plan has been in place at the RCDC since 2012, which provides inmates with the opportunity to engage in religious activity through: (1) small group inmate meetings; (2) requests to see a minister or chaplain from a volunteer minister list; (3) visits with volunteer ministers who typically visit the RCDC daily; and (4) access to Bibles and holy books that are available to inmates upon request. *See* Memorandum in Support of Summary Judgment (Docket Entry No. 36) at 8. Defendants contend that the Religious Practices Plan provides a constitutionally reasonable means for inmates at the RCDC to exercise their religious beliefs. *Id*. at 9.

With respect to the Eighth Amendment claim, Defendants assert that all inmates are permitted at least one hour a day outside of their cells and that inmates who are not in restricted housing are allowed up to 14 hours outside their cell with access to either a day room/recreation area or a dormitory area, which are both designed to allow natural sunlight to enter the areas. Defendants further assert that the RCDC has two outdoor recreation areas that are used by inmates on a rotating basis as weather and staffing levels permit. Defendants note the specific times when Plaintiffs both accepted and refused outdoor recreation opportunities and further contend that: (1) none of the

Plaintiffs sought medical treatment for any physical or mental illness, injury, or condition that they claimed was the result of being denied access to sunlight or outdoor exercise; and, (2) only Plaintiff Kizer submitted a grievance about a lack of outdoor recreation, a grievance which was itself not filed until April 2017. Defendants argue that there is no evidence showing that Plaintiffs suffered the type of serious total or near-total deprivation of exercise or recreation opportunities that is necessary to satisfy the objective component of an Eighth Amendment claim. They further argue that there is no evidence showing that Defendants acted with the type of deliberate indifference necessary to show an Eighth Amendment claim and that any limitation on outdoor recreation opportunities for inmates at the RCDC is related to the realities of time constraints and management decisions at the RCDC, not to culpable indifference on the part of Defendants Holt and Crawford or a policy of Robertson County to deny inmates outdoor recreation opportunities.

By Order entered November 28, 2017, the Court advised Plaintiffs of the need to individually respond to the motion for summary judgment and gave them a deadline of January 12, 2018, to file their responses. *See* Docket Entry No. 38. Plaintiffs Maidlow and Greer have not responded in any manner to the motion for summary judgment.

Defendant Kizer has responded with a 2 page response in opposition in which he contends that: (1) Defendants Crawford and Holt knew that Kizer had developed high blood pressure while at the RCDC and that the lack of exercise opportunities at the RCDC contributed to this medical problem; (2) Defendant Crawford was aware that "the chaplain hardly ever visited the pods Plaintiff Kizer was housed in;" and, (3) Defendant Crawford failed to answer or return "at least a dozen" grievances Kizer filled out regarding "outdoor recreation/meaningful outdoor exercise" and the lack of "religious council and services." *See* Response (Docket Entry No. 41). Kizer attaches to his

4

response copies of: (1) a letter he sent to Defendant Crawford, dated April 8, 2017, about the lack of rehabilitation and outdoor recreation opportunities at the RCDC; (2) a letter he sent Defendant Holt, Dated April 9, 2017, complaining about several conditions of confinement at the RCDC; and (3) four grievances he filed on April 13, 16, 18, and 30, 2017, respectively, complaining about his high blood pressure and a lack of outdoor recreation opportunities, sunlight inside the RCDC, and regular religious services at the RCDC. *Id*. at 3-9.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

## IV. ANALYSIS

A. The Applicable Constitutional Standards

Incarceration does not extinguish a prison inmate's First Amendment right to exercise his religious beliefs. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct.2400, 96 L.Ed.2d 282 (1987). The First Amendment requires that inmates have "reasonable opportunities" to exercise their religious beliefs. *Hudson v. Palmer*, 468 U.S. 517, 523, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) (*citing Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) (*per curiam*)). However, "the circumstances of prison life may require some restriction on prisoners' exercise of their religious beliefs." *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985). The First Amendment does not require that prison officials provide inmates with the best possible means of exercising their religious beliefs nor does it require that general prison policies and concerns become subordinate to the religious desires of any particular inmate, and the internal administration of a correctional facility is a function legitimately left to the discretion of prison administrators. *See O'Lone*, *supra*; *Bell v.*

*Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001).

The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials house prison inmates in conditions that conform to the minimal civilized measure of life's necessities. *See Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Parrish v. Johnson*, 800 F.2d 600, 609 (6th Cir. 1986). However, the Eighth Amendment is not violated by prison conditions which are harsh, *Rhodes*, 452 U.S. at 347, and "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment," *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Extreme or grave deprivations are required for a conditions of confinement claim brought under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). *See Rhodes*, *supra*; *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). With respect to an inmate's need for exercise or out of cell activities, the Sixth Circuit has recognized that restrictions on exercise may violate the Eighth Amendment under some circumstances, *Rodgers v. Jabe*, 43 F.3d 1082, 1088 (6th Cir. 1995), and that "a total or near-total deprivation of exercise or recreational opportunity, without penological justification" violates Eighth Amendment guarantees." *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983). *See also Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985). Some facts to be considered are: "the size of the cell, opportunity for contact with other inmates, time per day expended outside the cell, justifications for denial of the right to exercise, physical or psychological injuries resulting from a lack of exercise or a particularized need for exercise." *Patterson*, 717 F.2d at 289.

7

B. The Response or Lack of Response from Plaintiffs

When a motion for summary judgment is properly supported under Rule 56, such as Defendants' motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiffs' *pro se* status does not relieve them of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

None of the Plaintiffs have responded to Defendants' Statement of Undisputed Facts. Their failure to respond "shall indicate that the asserted facts are not disputed for purposes of summary judgment." Local Rule 56.01(g). Accordingly, the Court is permitted to rely upon the facts set forth by Defendants as the undisputed facts. Furthermore, Plaintiffs Maidlow and Greer have not responded to the motion for summary judgment in any manner. Although Defendant Kizer has responded in opposition to the motion for summary judgment, he has offered only minimal evidence in support of his claims. The factual statements he makes in his response cannot be viewed as evidence because they are unsworn statements. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 969

(6th Cir. 1991). Further, while the grievances and letters and the responses from Defendants Holt and Crawford thereto, which were all primarily written after this lawsuit was filed,[3] provide some proof showing the personal involvement of the individual Defendants matters at hand, they fall far short of the level of proof necessary to show that his constitutional rights were violated.

C. Merits of Plaintiffs' Claims

Although Plaintiffs' allegations were sufficient to permit their religious access and outdoor recreation claims to survive initial review, the Court finds that summary judgment should be granted to Defendants. There is simply insufficient evidence before the Court upon which a reasonable jury could find that Plaintiffs' federal constitutional rights were violated by Defendants. Any factual disputes that exist in this action do not rise to the level of genuine issues of material fact that require resolution by a jury.

There is essentially no evidence before the Court supporting a conclusion that Plaintiffs were denied the ability to practice their religious beliefs at the RCDC, let alone that they were treated in an unconstitutional manner with respect to their ability to practice their religious beliefs. They have provided no evidence showing a specific infringement of their protected First Amendment religious rights and no evidence providing any details to the general allegation made in their complaint. The Court cannot supply facts that are not alleged by Plaintiff. *See Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992); *Bell v. Tennessee*, 2012 WL 996560 at *9 (E.D. Tenn. March 22, 2012). In the absence of affirmative evidence on this issue from Plaintiffs, the Court

---

[3] Defendants do not raise failure to comply with the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), as a defense to the lawsuit.

simply has no factual basis upon which to find that the Religious Practices Plan at the RCDC violates constitutional standards or that Defendants Holt and Crawford took any individual actions that infringed upon Plaintiffs' First Amendment religious rights.

With respect to Plaintiffs' Eight Amendment claim, Plaintiffs themselves have offered no evidence providing any specific details for their claim that they are denied regular and meaningful outside exercise. However, review of the evidence offered by Defendants does lend some support to the assertion made in Plaintiffs' Complaint that they have been kept "locked inside with no chance for direct sunshine [vitamin D], fresh-air . . . for years."[4] Plaintiff Kizer, who was confined at the RCDC from September 8, 2012, to May 12, 2017, went to outdoor recreation four times in approximately five years; once in 2013, twice in 2014, and once in 2017. *See* Declaration of Anthony Crawford (Docket Entry No. 36-1) at ¶ 3 and ¶ 25. Plaintiff Maidlow, who was confined at the RCDC from June 14, 2016, to May 12, 2017, never went to outdoor recreation. *Id*. at ¶ 4 and ¶ 26. Plaintiff Greer who has been confined at the RCDC from November 24, 2016, to the present, has gone to outdoor recreation once, on August 15, 2017. *Id*. at ¶ 5 and ¶ 27.

This evidence alone, even if viewed in the light most favorable to Plaintiffs, is not sufficient to support a conclusion that the lack of outdoor recreation opportunities amounted to a violation of their Eighth Amendment right to be free from cruel and unusual punishment. Defendants have offered unrebutted evidence that most inmates who are not in a restricted housing status are allowed up to 14 hours a day outside their cells and have access to either a day room or recreation area located in the housing area of the RCDC where they can walk, exercise, watch TV, play board games, shower, and use the telephone. *Id*. at ¶¶ 12-16. Further, sunlight is provided to both of these

---

[4] *See* Complaint at 6, ¶ 6.

areas. *Id*. at ¶ 15 and ¶ 17. Thus, while the evidence may show that Plaintiffs had either limited or no outside recreation opportunities, there is no evidence before the Court that Plaintiffs were confined to their cells for long periods of time with no ability to leave and move outside their cells and no ability to experience recreation or exercise outside their cells. These facts all weigh against any finding of an Eighth Amendment violation. *See Patterson*, 717 F.2d at 289. There is no evidence of a "a total or near-total deprivation of exercise or recreational opportunity" for Plaintiffs. *Id*.

Additionally, other than the references Plaintiff Kizer made in his complaint letters and grievances about having high blood pressure, there is no evidence before the Court that a lack of outdoor recreation opportunities at the RCDC had any negative impact or harm to these three Plaintiffs' physical or psychological health. Such evidence impacts whether a deprivation of exercise and recreational opportunities is so severe as to be unconstitutional. *Id*. Further, the undisputed evidence shows that Plaintiffs Kizer and Maidlow each refused opportunities to go to outdoor recreation. *See* Crawford Declaration at ¶¶ 25-26. Such evidence weighs against any reasonable conclusion that Plaintiffs Kizer and Maidlow's Eighth Amendment rights were violated because of a lack of recreation opportunities. Finally, Defendants unrebutted evidence is that staffing and other operational issues at the RCDC are the cause of lack of outdoor recreation opportunities for inmates at the RCDC. *Id*. at ¶ 19. This evidence weighs against any finding that outdoor recreation has been denied for reasons other than those that are based upon penological justifications and management.

The Sixth Circuit has not yet determined that outdoor exercise opportunities for inmates, as opposed to general exercise opportunities, is something that is required by the Eighth Amendment.

11

*Rodgers*, 43 F.3d at 1087-88. Further, the Sixth Circuit has affirmed that consideration of a variety of factors goes into the determination of whether the lack of exercise opportunities provided to inmates is merely a harsh but constitutionally permissible condition of confinement or has risen to the level of a deprivation of the minimal civilized measure of life's necessities and, thus, to the level of cruel and unusual punishment prohibited by the Eighth Amendment. *Id*. The case before the Court simply lacks an evidentiary basis upon which any reasonable jury could determine that the lack of outdoor recreation opportunities provided to Plaintiffs amounted to a violation of their Eighth Amendment rights. That is not to say that the type of years-long failure to provide inmates at the RCDC with outdoor recreation could never present a more viable constitutional challenge, but merely that such a challenge is not presented by the instant case.

The Court's determination that there is no evidence that a constitutional violation occurred is sufficient to warrant summary judgment in favor of Defendants without full analysis of the qualified immunity defense they raise. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Jones v. Byrnes*, 585 F.3d 971, 975 (6th Cir. 2009).

## RECOMMENDATION

Based on the forgoing, the undersigned Magistrate Judge respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 35) filed by Defendants Bill Holt, Tony Crawford, and Robertson County, Tennessee be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with

12

Case 3:17-cv-00715 Document 44 Filed 04/16/18 Page 12 of 13 PageID #: 328

particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

13