# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BRIAN KIZER, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ROBERTSON COUNTY, TENNESSEE, ) <br> et al., ) <br> ) <br> Defendants. ) | NO. 3:17-cv-00715 <br> CHIEF JUDGE CRENSHAW |

## ORDER

Before the Court is a Report and Recommendation (Doc. No. 44) from the Magistrate Judge, in which she recommends that the Court grant the Defendants' Motion for Summary Judgment (Doc. No. 35). No objections have been filed.

The Court agrees with the Magistrate Judge's analysis on Plaintiff's First Amendment claim. There is no evidence that the Religious Practices Plan violated constitutional standards or that the individual Defendants infringed upon Plaintiffs' First Amendment rights. Accordingly, there is no evidence upon which a reasonable jury could find that Plaintiffs' were denied the ability to practice their religious beliefs at the Robertson County Detention Center ("RCDC"). The Court also concurs with the Magistrate Judge's conclusion on the Eighth Amendment claim. The undisputed facts are that most unrestricted inmates at the RCDC are provided with many hours a day of time outside their cells in an indoors recreation area that receives some degree of sunlight. Plaintiffs were not confined to their cells for long periods of time with no opportunity for exercise. And there is little – if any – evidence of any negative impact on Plaintiffs' health from being required to exercise indoors. Under the current state of the law, Plaintiffs cannot prevail.

However, this Court must state its concern about certain aspects of this case. While the Plaintiffs had many hours of day for indoor recreation, they – undisputedly – had virtually no outside recreation per year. The record reveals that Plaintiff Kizer was given *outside* recreation only *four times* in *five years*.[1] (Doc. No. 36-1 at 5.) Plaintiff Maidlow *never* went outside for recreation in approximately *one year*.[2] (Id.) Plaintiff Greer has gone outside for recreation *once* since his incarceration in 2016. (Id.) While the dormitory side of the RCDC has a recreation room with windows, the pod side's recreation room doesn't even have that much (rather, the RCDC "pipes in" sunlight via a "daylighting system.") (Id. at 4.)

The Sixth Circuit Court of Appeals, applying Supreme Court precedent, has recognized that *outdoor recreation*, in some undefined form and amount, is necessary for inmates' well-being," Jones v. Stine, 843 F. Supp. 1186, 1193 (W.D. Mich.1994) (emphasis added) (citing Walker v. Mintzes, 771 F.2d 920, 927-28 (6th Cir. 1985)). However, there is no applicable precedent requiring any minimum amount of outdoor recreation for prisoners. See Argue v. Hofmeyer, 80 F. App'x 427, 430 (6th Cir. 2003) (observing that the Sixth Circuit has never set a minimum amount of outdoor time for inmates). The Sixth Circuit has held simply that "'a total or near-total deprivation of exercise or recreational opportunity, without penological justification,'" impinges on an inmate's Eighth Amendment right, because "'[i]nmates require regular exercise to maintain reasonably good physical and psychological health.'" Rodgers v. Jabe, 43 F.3d 1082, 1086 (6th Cir. 1995) (quoting Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir. 1983)). As a result, this court and others in this circuit have dismissed numerous claims related to lack of outdoor

---

[1] Defendants maintain that Kizer also turned down outdoor recreation on five occasions in those five years. (Doc. No. 36-1.)

[2] Defendants maintain that Maidlow turned down outdoor recreation on one occasion in that approximate one year. (Doc. No. 36-1.)

recreation. See, e.g., Lyle v. Tenn. Dep't of Corr., No. 3:16-cv-01441, 2016 WL 3460256, at *2 (M.D. Tenn. June 24, 2016) ("Because Plaintiff acknowledges that he has some opportunity to engage in recreation or exercise several days a week, and does not allege that the limitations on that opportunity have caused him to suffer any adverse effects, his allegations about recreation fail to state a claim for which relief can be granted."); Anderson v. Rutherford Cnty. Jail, No. 3:15-CV-01016, 2015 WL 7283165, at *3 (M.D. Tenn. Nov. 16, 2015) (dismissing claim of lack of outdoor recreation or sunlight where "the plaintiff does not claim that he is denied all opportunity for recreation or physical activity sufficient to maintain reasonably good health, nor does he allege any detriment to his health resulting from being required to exercise indoors rather than outdoors"); Park v. Morgan, No. 1:15-cv-182, 2015 WL 1637168, at *2-3 (S.D. Ohio April 10, 2015) (dismissing claim that 60–day recreation restriction, preventing plaintiff from receiving fresh air or sunlight, violated Eighth Amendment); Clayton v. Lancia, No. 3:09CV-P294-H, 2009 WL 4928033, at *2 (W.D. Ky. Dec.14, 2009) (dismissing prisoner's Eighth Amendment claim alleging the deprivation of "sunlight and fresh air" during a period of four-month recreational restriction prohibiting outdoor exercise); see also Pastorious v. Romer, No. 96-1126, 1996 WL 528359, at *1 (10th Cir. Sept. 17, 1996) (affirming the district court's dismissal of an action as frivolous where the inmate alleged he was denied fresh air and direct sunlight); Richard v. Reed, 49 F. Supp. 2d 485, 487 (E.D. Va. 1999) (dismissing prisoner's complaint that he did not get any direct exposure to sunlight because of prison's requirement that all recreational and other activities take place indoors), aff'd, No. 6783, 1999 WL 651846 (4th Cir. Aug. 26, 1999).

Clarification of this area of the law by Sixth Circuit would be of assistance – particularly in a situation when indoor exercise is available but outside exercise is almost entirely unavailable.

To that end, any *in forma pauperis* appeal taken from this decision would be in good faith. 29 U.S.C. 1915(a)(3).

The Report and Recommendation (Doc. No. 44) is **APPROVED AND ADOPTED**. The Motion for Summary Judgment (Doc. No. 35) is **GRANTED** and this case is dismissed. The Clerk shall enter judgment pursuant to the Federal Rules of Civil Procedure and close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE